En el mismo tomo, página 265, estableciendo ejemplos ilustrativos de lo que pueden consistir los gastos útiles y gastos de puro lujo, dice también:

"Un muro que circunda una finca, una acequia abierta para el riego, la plantación de vides en un terreno inculto, la instalación del alumbrado o timbres eléctricos en un edificio, el hecho de poner ascensor en una casa, son gastos útiles a la finca y a cuantos la posean. Destinar un espacio a jardín, colocar en él fuentes, estatuas y cenador, adornar los techos con pinturas o las paredes con relieves o los suelos con mosaicos, etc., son gastos de puro lujo o mero recreo, que no a todos pueden prestar utilidad, aunque aumenten alguna vez accidentalmente el valor de la cosa."

   *     *     *     *     *     *     *

Por todo lo expuesto, *debe anularse la resolución de febrero 12 de 1927, nombrando un síndico, quedando sin valor o eficacia legal.*

---

ZOA RODRÍGUEZ MATTEI y NESTOR RODRÍGUEZ MATTEI, demandantes y apelantes, *v.* ELVIRA RODRÍGUEZ CUEVAS, demandada y apelada.

No. 3904.—*Sometido:* Noviembre 2, 1926. *Resuelto:* Marzo 9, 1927.

APELACIÓN Y ERROR—VISTA Y NUEVA VISTA—RECONSIDERACIÓN DE SENTENCIA— EN GENERAL.—Solicitada reconsideración de sentencia en el caso de autos solamente en cuanto a dar a la peticionaria oportunidad para presentar en la corte inferior prueba de su contrademanda, dentro de los hechos que ocurrieron y se exponen, se denegó la reconsideración solicitada.

MOCIÓN sobre reconsideración de sentencia. *Denegada.*

*Arjona & Arjona,* abogados de los apelantes; *Tomás Paz Jr.,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La apelada nos pide que reconsideremos nuestra sentencia en este pleito solamente en cuanto a que le demos una oportunidad para presentar en la corte inferior la prueba de su contrademanda.

La demanda tenía por objeto que se declarase nula una declaratoria judicial de única heredera hecha a favor de la demandada como hija natural reconocida de Conrado Rodríguez Mattei en la que se presentó el acta de su nacimiento según la cual es tal hija de Conrado Rodríguez, pero que no contiene la firma de éste. La demandada se opuso a la demanda y alegó como defensa varios actos de Conrado Rodríguez que daban a ella el concepto de hija natural reconocida de él.

El día señalado para el juicio, un año después de la presentación de la demanda, solicitó verbalmente la demandada que fuera suspendido porque no tenía su prueba, pero la corte negó la suspensión porque la petición no cumplía los requisitos requeridos por el artículo 202 del Código de Enjuiciamiento Civil. Después la demandada, con permiso de la corte, radicó una contestación enmendada cuyo objeto fué presentar como contrademanda los hechos de filiación expuestos en la defensa e incluir nuevos contrademandados. Todos éstos contestaron inmediatamente la contrademanda negando sus alegaciones y entonces comenzó el juicio. Cuando los demandantes presentaron toda su prueba volvió a solicitar la demandada de palabra que el juicio fuese suspendido porque no esperando que los contrademandados contestasen tan rápidamente la contrademanda y que negasen los actos de reconocimiento alegados en ella no estaba preparada para presentar su prueba, pero la corte negó la suspensión porque la petición carecía de los requisitos requeridos por el Código de Enjuiciamiento Civil y porque la contrademanda no presentaba cuestión nueva. Después de esa resolución la demandada solicitó permiso para desistir de su contrademanda y para enmendar su contestación eliminando de ella la contrademanda y habiéndole sido negado ese permiso, manifestó que no iba a presentar prueba. Terminado el juicio la corte inferior dictó sentencia a fa-

vor de la demandada, pero fué revocada por nosotros y declaramos con lugar la demanda. (36 D.P.R. 883.)

De una certificación que se ha presentado con la moción de reconsideración aparece que después del juicio y antes de la corte inferior dictar sentencia en este caso, la demandada solicitó de ella que le permitiera presentar la prueba de su contrademanda, abriendo de nuevo el caso, pero la corte negó esa petición y dictó sentencia.

La exposición de hechos que acabamos de hacer no justifican la reconsideración que se nos pide de nuestra sentencia en el extremo que se solicita, pues las suspensiones de juicio fueron propiamente negadas por la corte porque no cumplían con los requisitos exigidos por el artículo 202 del Código de Enjuiciamiento Civil; y siendo los hechos de la defensa en la contestación los mismos que los alegados en la contrademanda para la acción de filiación, debió estar preparada para probarlos el día del juicio, celebrado un mes después del en que fué señalado; y no pudo ser sorpresa para la demandada que los demandantes le negaren su condición de hija natural reconocida de Conrado Rodríguez Mattei, porque no tenía motivo alguno para esperar lo contrario, tanto más cuanto que en la demanda se negaba que ella fuera hija natural de Conrado Rodríguez. Además, la demandada renunció voluntariamente a presentar prueba de los hechos de su contrademanda sobre filiación, prefiriendo descansar únicamente en que ella había sido reconocida en el acta de su nacimiento como hija natural y que por tanto no era nula la declaración de única heredera hecha a su favor, por lo que ahora no puede volver sobre sus pasos y hacer que se abra de nuevo el juicio para presentar la prueba que antes no quiso utilizar.

*La reconsideración de nuestra sentencia debe ser negada.*